UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRANDON J. ASHDOWN,**

    **Plaintiff,**

    v.

Civil Action 2:17-cv-661
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey A. Vascura

**TWELFTH DISTRICT COURT
OF APPEALS,** *et al.,*

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Brandon J. Ashdown, a state inmate who is proceeding without the assistance of counsel, brings this action against Ohio's Twelfth District Court of Appeals; Butler County (Ohio) Courts; Butler County Prosecuting Attorney Greg Stephens; the Government Services Center; Butler County Clerk of Courts Mary L. Swain; the Caldwell Ohio Post Office; Noble Correctional Institution ("NCI"); Lieutenant McKonkey; Haughey & Niehaus, LLC; and Neil D. Schuett, under 42 U.S.C. § 1983. He asserts three categories of claims: (1) constitutional violations arising from Defendants' handling of his legal mail: (2) ineffective assistance of counsel; and (3) legal malpractice against Defendants Haughey & Niehaus, LLC, and Neil D. Schuett. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608

(6th Cir. 1997). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1], which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also*

---

[1]Formerly 28 U.S.C. § 1915(d).

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen.*

3

*Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**II.**

To sustain a § 1983 claim, Plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States and that this deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Ellison v. Garbarino,* 48 F.3d 192, 194 (6th Cir. 1995). Only one of the three categories of claims asserted by Plaintiff Ashdown is cognizable under § 1983: the claim of constitutional violations arising from the handling of his mail by NCI and Defendant McKonkle. This Report and Recommendation will first identify the reasons for the recommendation that the Court dismiss Plaintiff's other claims.

Plaintiff's criminal appellate counsel, Haughey & Niehaus, LLC, and Neil D. Schuett, are not state actors and are therefore not subject to liability under § 1983. *Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005) ("It is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983." (citing *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981)). It is therefore recommended that any intended federal claim under § 1983 against Plaintiff's criminal appellate counsel be dismissed pursuant to § 1915.

The "Introductory Statement" in Plaintiff's Complaint appears to suggest that he intends to assert only § 1983 First Amendment access to Court claims against all parties. (Compl. 3, ECF No. 1-1.) To the extent Plaintiff instead or additionally intends to bring a state-law claim for attorney malpractice against his criminal appellate counsel, the undersigned recommends that the Court decline to exercise jurisdiction over that claim. Under 28 U.S.C. § 1367(c)(3), the

Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations omitted). Here, the Complaint confirms that Plaintiff and his criminal appellate counsel are citizens of Ohio such that the Court may not exercise jurisdiction based on diversity of the parties under 28 U.S.C. § 1332. Thus, the Court does not have original jurisdiction over Plaintiff's state-law claims. Because the undersigned is recommending dismissal of all of Plaintiff's purported federal claims, it is further recommended that the Court decline to exercise supplemental jurisdiction over any remaining state-law claim and that it dismiss any such claims without prejudice to filing in state court. Relatedly, to the extent Plaintiff seeks to challenge the legality of his confinement or seeks a reduction of a sentence based upon a claim of ineffective assistance of counsel, he must file a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Plaintiff asserts his remaining claims, those in category (1) as outlined above, against state actors: state courts and court officials, a state prosecuting attorney, NCI and an official of that prison, and the Caldwell Ohio Post Office. Most of those state actors are not subject to suit under § 1983.

State courts are not subject to suit because they do not satisfy the "person" requirement as § 1983 uses that term. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997). The Eleventh Amendment to the United States Constitution also bars Plaintiff from maintaining a lawsuit against the Twelfth District Court of Appeals and Butler County Courts because they are arms of the state. *Id.* Plaintiff has not, therefore, asserted claims against the Twelfth District Court of

5

Appeals and the Butler County Courts upon which this Court may grant relief. Accordingly, it is recommended that the Court dismiss the claims against them and dismiss them from this action.

It is also recommended that the Court dismiss any § 1983 claim that Plaintiff Ashdown may have intended to assert against Prosecuting Attorney Greg Stephens, whom he has named only parenthetically. State prosecutors enjoy absolute immunity from civil liability when acting within the scope of their prosecutorial duties. *Imber v. Pachtman*, 424 U.S. 409, 427 (1976). Plaintiff Ashdown has not alleged any conduct whatsoever by Mr. Stephens and, therefore, has failed to allege activity outside the scope of Mr. Stephens' official duties.

For similar reasons, Plaintiff may not maintain this action against the Government Services Center and Butler County Clerk of Courts Mary L. Swain. The claim against the Government Services Center is, apparently, a claim against the Butler County Clerk of Court's Office, which is housed in the Government Services Center. A plaintiff may maintain a claim against a state-court clerk under § 1983 only upon allegations of malice or corruption on the clerk's part. *See Smith v. Martin*, 542 F.2d 688, 690-91 (6th Cir. 1976), *cert. denied,* 431 U.S. 905 (1977).

Plaintiff's allegations against Defendants Swain and the Government Services Center relate to (a) the timing of the mailing of trial materials from the Court to Plaintiff after his conviction and (b) the delayed delivery of legal documents that he placed in the prison mail and intended for delivery to the Butler County Clerk of Court's Office. Plaintiff alleges that the initial delay left him with little time to prepare a post-conviction petition that was then further delayed in its arrival to the Butler County Clerk of Court's Office by the actions of the prison and the Postal Service. He alleges that those actions combined to result in the Butler County

Court of Common Pleas' denial of the petition on untimeliness grounds. The only specific alleged actions by the Clerk of Courts are (a) the clerk's failure to *immediately* mail the trial transcript and other documents related to Plaintiff's conviction and (b) the *receipt* by the Clerk of Courts of Plaintiff's petition on July 21, 2015. Those alleged actions do not imply malice or corruption on the part of Ms. Swain or the Government Services Center.

Plaintiff does further allege that all of the state defendants, including Ms. Swain and the Government Services Center, conspired to violate his rights. "A civil conspiracy under § 1983 is an agreement between two or more persons to injure another by unlawful action." *Bazzi v. City of Dearborn,* 658 F.3d 598, 602 (6th Cir. 2011) (internal citation and quotations omitted). To state an actionable civil conspiracy claim, a plaintiff must allege the following elements: "(1) a single plan existed, (2) [the defendant] shared in the general conspiratorial objective to deprive [the plaintiff] of his constitutional (or federal statutory) rights, and (3) an overt act was committed in furtherance of the conspiracy that caused injury to [the plaintiff]." *Id.* A plaintiff may not rely on mere speculation and conjecture to establish the existence of an agreement. *Moore v. City of Paducah,* 890 F.2d 831, 834 (6th Cir. 1989) (in the summary judgment context).

Plaintiff Ashdown makes few specific allegations in support of his conspiracy claim. He alleges that he gave documents to NCI for mailing on July 9, 2015; that the mail left NCI on July 15, 2015; and that the mail did not reach the Butler County Clerk of Courts until July 21, 2015, when it was time-stamped. He alleges six days of delay at the prison and six in the custody of the postal service but none at the clerk's office. His summary allegation, "I have no further choice but to believe that I have been conspired against by these 3 parties in violating my rights"

7

is unsupported by any specific allegation of wrongdoing on the part of the clerk's office. Rather, his statements constitute mere speculation and conjecture and cannot support a claim that Ms. Swain and the Government Services Center were parties to any agreement to delay Plaintiff's mail in violation of his constitutional rights. Plaintiff has failed, therefore, to assert a claim under § 1983 against Ms. Swain or the Government Services Center upon which this Court may grant relief. It is recommended that Court dismiss the claims against them and dismiss them from this action.

Plaintiff cannot maintain his claim against the Caldwell Ohio Post Office. The United States and its agencies are exempt from suit except to the extent that it has expressly consented in the Federal Torts Claims Act, 28 U.S.C. § 2674. Moreover, government agencies are subject to
§ 1983 liability only to the extent that they have acted under color of state law. *Flagg Bros., Inc.*, 436 U.S. at 155. The United States Postal Service and its employees are not state actors and do not act under color of state law in the course of carrying out their everyday responsibilities. *See Moore v. U.S. Postal Service*, 159 F. App'x 265, 268 (2d Cir. 2005).

Plaintiff Ashdown has not alleged any action under color of state law by the Caldwell Ohio Post Office. He cannot, therefore, maintain a claim under § 1983 against the post office. Even to the extent that Plaintiff attempts to assert a claim for negligent handling of his mail by the U.S. Postal Service, such a claim is barred by the Federal Tort Claims Act, which exempts claims relating to the handling of the mails. 28 U.S.C. § 2680(b). For those reasons, it is recommended that the Court dismiss Plaintiff's claim against the Caldwell Ohio Post Office and dismiss the Caldwell Ohio Post Office from this action.

**III.**

Plaintiff's remaining claim, the only one that is cognizable under § 1983, relates to NCI's alleged six-day delay in placing Plaintiff's post-conviction petition into the U.S. mail. According to his *Factual Allegations*, Plaintiff gave the document to Sergeant McGee for mailing on July 9, 2015, and the Postal Service picked it up on July 15, 2015. At that point, according to Plaintiff, five days remained in the period during which he could file a timely petition. The petition was delayed by six additional days in the U.S. mail, however, and was untimely when received by the Butler County Clerk of Courts. Plaintiff alleges that, as a result of this delay, the Butler County Court of Common Pleas denied the petition as untimely.

After Plaintiff learned that his appeal was untimely, he complained to prison personnel and received back his cash slip. Plaintiff alleges that the date on his cash slip had been altered from July 9, 2015, to July 15, 2015, and had been signed by Defendant McKonkey. Significantly, he does not allege that Defendant McKonkey altered the date on the cash slip or that the date had been altered before Defendant McKonkey signed it.

Plaintiff claims that NCI and Lieutenant McKonkey denied him meaningful access to courts by delaying the mailing of his post-conviction petition. (Complaint, *Introductory Statement*). In terms of relief, Plaintiff seeks only monetary damages.

Prisoners have a First and Fourteenth Amendment right of access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 351-54 (1996). To state a claim that a state actor has violated that right, a plaintiff must allege an "actual injury" and official conduct that is more than mere negligence. *See Harbin-Bey v. Rutter,* 420 F.3d 571, 578 (6th Cir. 2005); *Gibbs v. Hopkins,* 10 F.3d 373, 379 (6th Cir. 1993). Missing a filing deadline as a result of interference by prison

9

officials may satisfy the "actual injury" requirement. *Harbin-Bey*, 420 F.3d at 578. Still, a plaintiff must show intentional action to impede access to the courts in order to satisfy the second requirement. *See Sims v. Landrum*, 170 F. App'x 954, 956-57 (6th Cir. 2006).

Where a prisoner alleges nothing more than a lack of urgency on the part of prison officials, his allegations do not satisfy the conduct requirement for a § 1983 claim of denial of access to the courts. *Id.* at 957. In *Sims*, the defendant prison official left work before July 2 without processing a prisoner's filing that she knew to be due on July 8. *Id.* The official knew that she would not return to work until July 6 and yet failed to ask a colleague to process the prisoner's mail. *Id.* Nevertheless, the court concluded that her inaction did not satisfy the conduct requirement of a § 1983 claim of denial of access to the courts. *Id.* Her inaction may have constituted negligence, but it did not amount to intentional conduct. *Id.*

Plaintiff Ashdown has satisfied, at best, only one of the two requirements for a § 1983 denial of access to the courts claim. He has alleged an actual injury in the form of a missed a filing deadline. His claim still fails, however, because he alleges mere negligence on the part of NCI and, implicitly, Defendant McKonkey. In fact, in the fourth paragraph of his *Factual Allegations*, he states as follows: "There are still no excuses for NCI's negligence concerning my mail." Although Plaintiff alleges at the end of his Factual Allegations that all of the actions of the named defendants "caused a chain reaction of events, to keep [him] confined," he adds nothing to suggest that NCI or Lieutenant McKonkey acted intentionally to restrict his access to the courts. The allegation that Plaintiff's petition sat face up on a desk in the prison for six days before it was placed in the U.S. mails is consistent with the sort of disregard and negligence that does not support a § 1983 claim. He has not, therefore, alleged facts in support of the second

10

requirement for a § 1983 access to the courts claim. For that reason, it is recommended that the Court dismiss Plaintiff's claims against NCI and Defendant McKonkey.

**IV.**

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's federal claims be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). It is further **RECOMMENDED** that to the extent Plaintiff intended to bring any state-law claims, that the Court decline to exercise jurisdiction over those claims in accordance with 28 U.S.C. § 1367(c)(3) such that those claims are **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely

object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

   /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE