# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BRANDON J. ASHDOWN,**

    **Plaintiff,**

    v.

    Civil Action 2:17-cv-661
    Chief Judge Edmund A. Sargus
    Magistrate Judge Chelsey A. Vascura

**TWELFTH DISTRICT COURT
OF APPEALS,** *et al.,*

    **Defendants.**

## SUPPLEMENTAL REPORT & RECOMMENDATION

On September 8, 2017, the undersigned issued a Report and Recommendation (ECF No. 7) recommending that the Court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted. Plaintiff Ashdown has not objected to that Report and Recommendation. Instead, he asks the Court for leave to amend his Complaint to correct deficiencies identified in the Report and Recommendation. (ECF No. 10). For the reasons that follow, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Motion for leave to File Amended Complaint and **ADOPT** the September 8, 2017 Report and Recommendation.

Plaintiff Ashdown's claims relate to his untimely filing of a petition for post-conviction relief in the Butler County Court of Common Pleas. In his Proposed Amended Complaint, Plaintiff alleges that he signed the petition and placed it into the prison mail system on July 9, 2015. The deadline for filing the petition was July 20, 2015. The Clerk of the Court of Common Pleas time-stamped the petition on July 22, 2015. Plaintiff also alleges these facts: (1) someone altered the date on the internal prison document showing when Plaintiff had placed the

petition in the prison mail system and (2) the petition was not placed in the United States mails until July 15, 2105. Plaintiff attributes the delay to "some reason" and, on the basis of those allegations, asserts that "either NCI, the Clerk of Courts, or the head post master of the State Post Office knowingly and willingly committed" fraud, tampering with records, and forgery. (Pl.'s Proposed Am. Compl. PAGEID# 82, ECF No. 10.)

To sustain a § 1983 claim, Plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States and that this deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Ellison v. Garbarino,* 48 F.3d 192, 194 (6th Cir. 1995). Plaintiff asserts his claim against Mary Swain, the Clerk of the Butler County Court of Common Pleas; Lieutenant McKonkey, the prison official charged with administration of the mail room; and the postmaster of the Caldwell, Ohio, United States Post Office.

In the September 8, 2017 Report and Recommendation, the undersigned analyzed Plaintiff's allegations against Ms. Swain and concluded that Plaintiff had not stated a claim against her because he had not plausibly alleged that Ms. Swain acted with malice or corruption to delay the delivery of his legal mail. (Sept. 8, 2017 Report & Rec., ECF No. 7 at PAGEID# 70 (citing *Smith v. Martin*, 542 F.2d 688, 690-91 (6th Cir. 1976), *cert. denied,* 431 U.S. 905 (1977)).) Although Plaintiff Ashdown now proposes to add allegations of malice and corruption, he has identified no specific facts in support of those allegations. They are just a recitation of the required element. *See Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). Accordingly, Plaintiff's Proposed Amended Complaint would not withstand a motion to dismiss by Ms. Swain for failure to state a claim upon which relief may be granted.

In the September 8 Report and Recommendation, the undersigned also analyzed Plaintiff's claim against Mr. McKonkey and concluded that Plaintiff had failed to state a claim upon which this Court could grant relief. The basis for that conclusion was the Plaintiff's failure to allege that McKonkey had engaged in any intentional action to impede Plaintiff's access to the courts. (Sept. 8, 2017 Report & Rec., ECF No. 7 at PAGEID# 72-73 (citing *Sims v. Landrum*, 170 F. App'x 954, 956-57 (6th Cir. 2006)).) Plaintiff's Proposed Amended Complaint does not add allegations of intentional conduct on Mr. McKonkey's part; therefore, the proposed amendment would be futile.

As the undersigned observed in the September 8, 2017 Report and Recommendation, the United States Postal Service and its employees are not state actors and do not act under color of state law in the course of carrying out their everyday responsibilities. (*Id*. at PAGEID# 72 (citing *Moore v. U.S. Postal Service*, 159 F. App'x 265, 268 (2d Cir. 2005)).) Plaintiff Ashdown has not alleged any action under color of state law by the Postmaster of the Caldwell, Ohio, Post Office. He cannot, therefore, maintain a claim under § 1983 against that official. His proposed amended claim against the postmaster would be futile for the same reason.

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend his pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut.*

*of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

Because Plaintiff's Proposed Amended Complaint would not withstand a motion to dismiss for failure to state a claim, the amendment would be futile. It is, therefore, **RECOMMENDED** that the Court **DENY** Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 10) and **ADOPT** the September 8, 2017 Report and Recommendation (ECF No. 7).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE